**SO ORDERED.**

**SIGNED this 26 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **LOUISE BABCOCK BONEY,** | **Case No. 05-08253-8-JRL** |
| Debtor. | Chapter 13 |

_____

**ALGERNON L. BUTLER, III,
TRUSTEE IN BANKRUPTCY FOR
LOUISE BABCOCK BONEY,**

       **Plaintiff,**

v.                                                                        **Adversary Proceeding No.
                                                                          L-06-00269-8-AP**

**LOUISE BABCOCK BONEY AND
HOMER MAC BONEY, III,**

       **Defendants.**

## ORDER

This adversary proceeding is before the court on the motions for change of venue filed by the *pro se* defendants, Louise Babcock Boney and Homer Mac Boney, III. On March 13, 2007, the court conducted a hearing on these motions in Wilmington, North Carolina.

On December 18, 2006, the trustee filed the subject adversary proceeding against Mr. and Mrs. Boney to sell their jointly owned property, pursuant to 11 U.S.C. § 363(h), to establish a procedure for the distribution of sales proceeds, pursuant to 11 U.S.C. § 363(j), and to surcharge the

interests of the Boneys for contemptuous conduct. In response to the complaint, Mr. and Mrs. Boney filed separate but identical answers and motions to dismiss, motions for sanctions, motions for the removal of the trustee, and motions for change of venue. At this juncture, the court is solely considering the motions for change of venue.

Mr. and Mrs. Boney assert that the Chapter 7 trustee has displayed prejudice against them as a result of Ms. Boney's former representation by Peter K. Gemborys, Sr., and Mr. Boney's former employment with Mr. Gemborys. In addition, Mr. and Mrs. Boney assert that, at the two-day hearing conducted in October 2006 on the Chapter 7 trustee's motion for contempt and sanctions, objection to confirmation, motion to reconvert to Chapter 7, and motion for compensation and reimbursement, Terry Stewart of the New Hanover Health Network provided false testimony. The Boneys argue that, because Mr. Boney was a sequestered witness at that hearing, he was unable to rebut Mr. Stewart's testimony or cross-examine him. The Boneys contend that, as a result of the trustee's behavior towards them and the false testimony of Mr. Stewart at the October 2006 hearing, the presiding judge cannot be impartial. Mr. and Mrs. Boney seek the presiding judge to recuse himself from this proceeding and to transfer the proceeding to another district or, alternatively, to another bankruptcy judge within the Eastern District of North Carolina. The trustee denies the allegations made in the Boneys' motions for change of venue and asserts that there is no basis for the recusal of the presiding judge or transfer of this case to another judge or district.

There are various circumstances warranting disqualification of a judge, including "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b). "A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality." U.S. v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003); 28 U.S.C. § 445(a). The test is

2

an objective one, and "disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality." Id. "A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'" Id. (quoting U.S. v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).

Effective November 30, 2006, Mr. Gemborys was suspended from practice before the United States Bankruptcy Court for the Eastern District of North Carolina, pursuant to In re Mugno, No. 05-09231-8-JRL (Bankr. E.D.N.C. Oct. 20, 2006). His suspension was not based on conduct involving Mr. or Mrs. Boney. The Chapter 7 trustee has simply been performing his duties as trustee by seeking to obtain information from the debtor necessary for the administration of the estate and by seeking to sell property of the estate for the benefit of creditors. As for the testimony of Mr. Stewart at the hearing held in October 2006 in Mrs. Boney's bankruptcy case, Mr. Boney was not a party to that proceeding. Mrs. Boney, as the debtor in the case, was present during the testimony of Mr. Stewart and was represented by counsel. She had the opportunity to cross-examine Mr. Stewart or call Mr. Boney as a witness to contradict Mr. Stewart's testimony. The presiding judge has no personal bias or prejudice towards the Boneys. The court finds no grounds for a person to reasonably question the presiding judge's impartiality. Moreover, the court finds that the transfer of this proceeding to another district would not further the interest of justice or convenience of the parties. 28 U.S.C. § 1412; Fed. R. Bankr. P. 1014(a)(1).

Based on the foregoing, the court denies the motions for change of venue filed by Mr. and Mrs. Boney.

END OF DOCUMENT