**SO ORDERED.**

**SIGNED this 08 day of May, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

LOUISE BABCOCK BONEY,                          Case No. 05-08253-8-JRL

      Debtor.                                Chapter 7

_____

ALGERNON L. BUTLER, III,
TRUSTEE IN BANKRUPTCY FOR
LOUISE BABCOCK BONEY,

      Plaintiff,

v.                                             Adversary Proceeding No.
                                               L-06-00269-8-AP

LOUISE BABCOCK BONEY AND
HOMER MAC BONEY, III,

      Defendants.

### ORDER

This adversary proceeding is before the court on the motions to dismiss the adversary proceeding, motions for sanctions, and motions for removal of the trustee filed by the *pro se* defendants, Louise Babcock Boney and Homer Mac Boney, III, and the motion for sanctions under Rule 9011(b) filed by the trustee, Algernon L. Butler, III. On April 24, 2007, the court conducted a hearing on these motions in Wilmington, North Carolina.

On December 18, 2006, the trustee filed the subject adversary proceeding against Mr. and Mrs. Boney to sell their jointly owned property pursuant to 11 U.S.C. § 363(h), to establish a procedure for the distribution of sales proceeds pursuant to 11 U.S.C. § 363(j), and to surcharge the interests of the Boneys for contemptuous conduct.  In response to the complaint, Mr. and Mrs. Boney filed separate but identical answers and motions to dismiss, motions for sanctions, motions for the removal of the trustee, and motions for change of venue. At a hearing held March 13, 2007, the court considered the Boneys' motions for change of venue and denied those motions.

Mr. and Mrs. Boney assert that the Chapter 7 trustee has displayed prejudice against them as a result of Mrs. Boney's former representation by Peter K. Gemborys, Sr., and Mr. Boney's former employment with Mr. Gemborys. Mr. and Mrs. Boney further assert that, at the two-day hearing conducted in October 2006 in the underlying bankruptcy case, Terry Stewart of the New Hanover Regional Medical Center provided false testimony. The Boneys argue that, because Mr. Boney was a sequestered witness at that hearing, he was unable to rebut Mr. Stewart's testimony or cross-examine him. The Boneys contend that Mr. Stewart provided false testimony by stating that Mr. Boney had authorized the release of his medical billing information to Ms. Boney. In support that the testimony was false, the Boneys presented records from the New Hanover Regional Medical Center showing authorization for release and disclosure of medical information exclusively to Mr. Boney. The Boneys contend that, as a result of the trustee's behavior towards them and the false testimony of Mr. Stewart at the October 2006 hearing, the adversary proceeding should be dismissed. Particularly, the Boneys assert that the third count of the complaint should be dismissed where the trustee seeks to surcharge the Boneys' interest in their jointly owned property for contemptuous conduct. The Boneys contend that the trustee is asserting the third claim to punish them as a result of their association with Mr. Gemborys. In addition, the Boneys seek the court to

impose sanctions against the trustee, New Hanover Regional Medical Center, and Mr. Stewart to reimburse the Boneys for their damages as a result of the prejudice caused by the alleged false testimony provided by Mr. Stewart. Lastly, the Boneys seek the court to remove Mr. Butler as the Chapter 7 trustee, asserting that he is unable to represent the estate in an unbiased manner and treat the Boneys fairly and equally under law. The trustee denies the allegations set forth in the Boneys' motions.

The court does not find a basis for granting the Boneys' motions. First, the court does not find that the trustee has displayed prejudicial conduct towards the Boneys as a result of their association with Mr. Gemborys. Effective November 30, 2006, Mr. Gemborys was suspended from practice before the United States Bankruptcy Court for the Eastern District of North Carolina, pursuant to In re Mugno, No. 05-09231-8-JRL (Bankr. E.D.N.C. Oct. 20, 2006). His suspension, however, was not based on conduct involving Mr. or Mrs. Boney. As the court concluded in a previous order denying the Boneys' motions for change of venue, the Chapter 7 trustee has simply been performing his duties as trustee by seeking to obtain information from the debtor necessary for the administration of the estate and by seeking to sell property of the estate for the benefit of creditors. Butler v. Boney (In re Boney), L-06-00269-9-AP (Bankr. E.D.N.C. Mar. 26, 2007). The trustee spent a considerable amount of time in the underlying bankruptcy case attempting to obtain Mr. Boney's medical billing information because Ms. Boney is jointly liable for her husband's medical debts incurred during the marriage. *See* North Carolina Baptist Hospitals, Inc. v. Harris, 319 N.C. 347, 353, 354 S.E.2d 471, 474 (1987). Clearly, that information is necessary for the administration of the estate, and the trustee did not display prejudicial conduct in trying to obtain that information from the Boneys.

Second, even if Mr. Stewart's testimony at the October 2006 hearing in the underlying

3

bankruptcy case was false, witnesses are afforded absolute immunity from civil liability for testimony provided in judicial proceedings. Briscoe v. LaHue, 460 U.S. 325, 331-32 (1983). Mr. Boney was not a party at the October 2006 hearing. Mrs. Boney, as the debtor in the case, was present during the testimony of Mr. Stewart and was represented by counsel. She had the opportunity to cross-examine Mr. Stewart or to call Mr. Boney as a witness to contradict Mr. Stewart's testimony. The Boneys' motion, while characterized as one for sanctions, seeks damages to be assessed jointly and severally against the trustee, New Hanover Regional Medical Center, and Mr. Stewart for the alleged false testimony presented by Mr. Stewart at the October 2006 hearing in the underlying bankruptcy case. Without immunity, a witness might be reluctant to testify or might distort his testimony for fear of subsequent liability. Briscoe, 460 U.S. at 333. The idea is that the judicial process will unearth the truth. Id. at 333-34. Accordingly, due to witness immunity, there is no basis for damages here.

The trustee seeks the court to impose sanctions against the Boneys, pursuant to Rule 9011(b), asserting that the Boneys' motions were filed for an improper purpose to cause harassment, unnecessary delay, and needless increase in the cost of litigation to the trustee, New Hanover Regional Medical Center, and its agent. The court will not grant or deny the trustee's Rule 9011(b) motion at this juncture.

Based on the foregoing, the court denies the Boneys' motions to dismiss the adversary proceeding, motions for sanctions, and motions for removal of trustee. The trustee's Rule 9011(b) motion will remain pending.

END OF DOCUMENT